IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARISE L. LOGAN,               § | |
|     Plaintiff,            § | |
| § | |
| v.                             § | No. 3:19-cv-01908-M (BT) |
| § | |
| § | |
| HOMELAND SECURITY, et al.,      § | |
|     Defendants.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charise Logan has filed a *pro se* civil action in federal court. The Court granted her leave to proceed *in forma pauperis*, but withheld process pending judicial screening. Now, for the following reasons, the Court recommends that Plaintiff's complaint be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

I.

On August 9, 2019, Plaintiff filed a 400-page complaint seeking money damages for alleged violations of various federal statutes related to cyber stalking, violence against women, computer hacking, wire taps, obstruction of justice, and other issues. She names the Department of Homeland Security, the CIA, the United States Department of Defense, President Trump, George Bush, Barak Obama, Michelle Obama, George (no last name), Calvin B. Davis, Wendy Logan, the Overland Park Kansas Police Department, the Arlington Police Department, the

1

Fort Worth Police Department, the Bloomington Minnesota Police Department, the Richfield Minnesota Police Department, Don Eilts, Edmon Witherspoon, the U.S. Army Signal Corps, the United States Marine Corps, the City of Grand Prairie, DFW Airport, "Bally's Fitness for LA Fitness," Walmart, Kroger, Euless Car Auction, Carmax, and AT&T Stadium as defendants. On August 13, 2019, Plaintiff filed 523 pages of exhibits. She also filed additional attachments to her complaint on August 20 and 27, 2019, and on September 4, 2019.

Plaintiff asserts numerous claims against Defendants, including claims that Defendants have conducted "unauthorized testing" and monitoring on her. She alleges Defendants use "cyberspace brainwashing video footage played into the atmosphere" to monitor her and prevent her from obtaining employment. Compl. 15-16 (ECF No. 3). She states Defendants have targeted her in eleven different states and have illegally accessed her motor vehicles through cyberspace to impair her driving ability. She also claims Defendants use cyberspace to monitor her location with the intent to inject her with certain medical issues such as varicose veins, diabetes, impaired vision, memory loss, herpes, HIV and other conditions. Finally, she alleges that various people impersonate her to deceive the public regarding her mental condition.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on

2

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Plaintiff's allegations describe irrational or wholly incredible claims against Defendants. Plaintiff's complaint should be dismissed as frivolous.

### III.

The Court recommends that the complaint be summarily dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Signed October 8, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).